**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT HARTWELL FISKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| ENHANCED RECOVERY COMPANY, LLC, | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| Defendant. | |

ROBERT HARTWELL FISKE, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Massachusetts Consumer Collection Practices Act, the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and related common law claims.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

jurisdiction of all civil actions arising under the laws of the United States. Supplemental jurisdiction over related state law claims arises pursuant to 28 U.S.C. § 1367.

3. Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Rockport, Massachusetts 01966.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 8014 Bayberry Road, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. Upon belief, the debt arose out of transactions that were primarily for personal, family, or household purposes.

12. The debt could have only been personal in nature, as Plaintiff owes no business debt.

13. Beginning in October 2012, Defendant placed repeated harassing telephone calls to

Plaintiff's home telephone number for someone named Patricia.

14. Plaintiff's name is not Patricia.

15. Defendant's harassing collection calls originated from numbers including, but not limited to (800) 459-3186.  The undersigned has confirmed that this number belongs to Defendant.

16. During this time, Plaintiff received an average of two calls a day from Defendant, and has on average received more than ten calls in a single week.

17. Generally these telephone calls were automated dialed calls, and the voice heard was computer generated.

18. On the occasions when Plaintiff has spoken with a live collector, he disputed the debt, told the collector he had no intention of paying it and to stop calling him.  However, despite this clear indication that calls were unwanted and he had no intention of paying the debt, Defendant's calls continued.

19. The calls received after the events described in paragraph 17 did not change in content and served no purpose other than of harassing Plaintiff.

20. Further, on November 5, 2012, counsel for Plaintiff sent a letter of representation to Defendant, received on November 9, 2012. A true and correct copy of said letter of representation and executed post office receipt card are attached hereto as Exhibits A and B respectively. Defendant continued to place calls to Plaintiff after receipt of the letter.

21. Defendant called again on dates including but not limited to December 27, 2012, January 2, 2013, February 1, 2013, February 2, 2013, February 8, 2013, February 9, 2013, and February 11, 2013.

22. Plaintiff received a message from Defendant on his answering machine on February

1, 2013 indicating the caller wanted to speak with Patricia.

23. Defendant had no lawful entitlement to place calls on the dates described in the preceding paragraph.

24. Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

25. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED THE § 1692c(a)(1) OF**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692c(a)(1) of the FDCPA states that a debt collector shall not place calls to a consumer at an inconvenient time, if the debt collector knows that such calls are prohibited.

27. Defendant violated § 1692c(a)(1) of the FDCPA when it contacted Plaintiff's home phone after Plaintiff told them to stop calling him, thus said calls were prohibited.

**COUNT II**
**DEFENDANT VIOLATED THE § 1692c(a)(2) OF**
**FAIR DEBT COLLECTION PRACTICES ACT**

28. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with the consumer if the debt collector knows the consumer is represented by an attorney.

29. Defendant violated § 1692c(a)(2) of the FDCPA when it contacted Plaintiff after having knowledge he was represented by counsel.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

31. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after he told it that he disputed this debt and to stop calling him, and when it engaged in other harassing or abusive conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

33. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT V
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

34. Section 1692f FDCPA prohibits debt collectors from using unfair or unconscionable means in collecting a debt.

35. Defendant violated § 1692fof the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously, when it contacted Plaintiff after having knowledge he was

represented by counsel, and when it refused to cease calls after Plaintiff advised its calls were unwanted, as well as engaging in other unfair and unconscionable conduct.

### COUNT VI
### DEFENDANT VIOLATED
### THE TELEPHONE CONSUMER PROTECTION ACT

36. Section 227(b)(2)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

37. Section 227(b)(3)(B) of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

38. A non-debtor has a vastly greater privacy interest from debt collection telephone calls to a cellular telephone than an individual who is a debtor.

39. Despite the fact that Plaintiff never consented to Defendant making calls to his home phone, Defendant repeatedly placed non-emergency calls to Plaintiff's home telephone without Plaintiff's consent using a pre-recorded or artificial voice.

40. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

41. Here, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's home telephone, using a pre-recorded or artificial voice in violation of Section 227(b)(1)(B) of the Act.

42. Defendant contacted Plaintiff on his home telephone on dozens of occasions.

## COUNT VII
## DEFENDANT INVADED PLAINTIFF'S PRIVACY BY
## INTRUDING UPON HIS SECLUSION

43. Massachusetts recognizes the tort of intrusion upon seclusion. See <u>Bratt v. International Business Machines Corp</u>., 467 N.E.2d 126 (1984).

44. An unwarranted intrusion upon seclusion is proved by showing that (1) an intentional intrusion, physical or otherwise, upon another's solitude, seclusion, or private affairs or concerns, (2) the intrusion would be highly offensive to a reasonable person, and (3) the person suffered an injury as a result of the intrusion.

45. Defendant's repeated debt collection calls to Plaintiff, intruded upon the solitude of Plaintiff.

46. Defendant's conduct and repeated calls were highly offensive to Plaintiff, as it would be any reasonable person.

47. Plaintiff felt frustrated, angry, shame, humiliation and anxious, and also lost valuable personal time as a result of Defendant's intrusion into his privacy.

48. This act was committed with malice, intent, wantonness and recklessness, affording Plaintiff the remedy of actual and punitive damages.

## COUNT VIII
## DEFENDANT WAS NEGLIGENT IN ITS HIRING, TRAINING AND
## SUPERVISION OF DEBT COLLECTORS

49. Under Massachusetts law, direct claims such as negligent hiring, supervision, training, and retention are based on the employer's own negligent conduct in creating an unreasonable risk of harm to others, and thus, causes of action for negligent hiring, supervision,

training, and retention are a means to make an employer liable for the negligence of an employee. See Davis v. Walent, 449 N.E.2d 382 (Mass. App. 1083).

50. As Defendant solicited business from Plaintiff, Defendant owed Plaintiff a duty to conduct its business in a reasonable manner.

51. Defendant failed to update its records and continued to contact Plaintiff despite the fact that he disputed the debt and indicated to Defendant that this was a case of stale claim.

52. As such, Defendant failed to properly hire, train and supervise its debt collectors, and breached its duty to Plaintiff.

53. As a proximate result of Defendant's negligent hiring, training and supervision, Plaintiff suffered damages.

WHEREFORE, Plaintiff, ROBERT HARTWELL FISKE, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A.);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);
   d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);
   e. Consequential damages for Defendant's negligence, carelessness, and recklessness as a result of their acts or omissions to act;
   f. Punitive damages for violations of law, invasion of privacy, intentional infliction of emotional distress and negligence; and


    h.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff ROBERT HARTWELL FISKE, demands a jury trial in this case.

                                               RESPECTFULLY SUBMITTED,

DATED: 04/30/13                       KIMMEL & SILVERMAN, P.C.

                                       By: /s/ Craig Thor Kimmel
                                          Craig Thor Kimmel
                                          Attorney ID # 662924
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Fax: (877) 778-2864
                                          Email: kimmel@creditlaw.com